An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANNIE CASTILLO BARRIENTOS, AN
INDIVIDUAL,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC.,
Respondent.

No. 64970

FILED

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a judicial foreclosure action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Respondent instituted a judicial foreclosure action regarding appellant's home. Appellant subsequently filed a motion to dismiss, or in the alternative for summary judgment, arguing that respondent was not a real party in interest entitled to bring a judicial foreclosure action because the note that appellant signed was never assigned to respondent. In opposition, respondent produced a copy of the note with an allonge assigned to "blank." At the motion hearing, the district court continued the matter and directed respondent to produce an affidavit stating that respondent had physical possession of the original note and allonge. Respondent did so, and the district court denied appellant's motion to dismiss or for summary judgment.

Thereafter, respondent moved for summary judgment on its claims against appellant, arguing that appellant signed a note and a deed of trust in the process of obtaining a mortgage on her home, had ceased paying her mortgage, and that respondent was assigned the deed of trust

14-30686

and had physical possession of the note with a blank endorsement. Appellant opposed the motion, arguing that the note was never expressly assigned to respondent. The district court ultimately granted respondent summary judgment, and this appeal followed.

On appeal, appellant argues both that the district court impermissibly granted respondent further time under NRCP 56(f) to produce an affidavit stating that it had physical possession of the note and allonge, and that no evidence existed showing that the note was assigned to respondent. As to the first argument, this situation does not fit within the confines of NRCP 56(f) because respondent was not requesting more discovery. Rather, the district court directed respondent to produce certain evidence—specifically an affidavit regarding whether it had physical possession of the note and allonge. We are satisfied that the district court's action in this regard was within its discretion. *Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 453, 92 P.3d 1239, 1244 (2004) ("District courts have wide discretion to control the conduct of proceedings pending before them."). And in any event, the allonge that respondent submitted in opposition to appellant's motion was sufficient to raise a genuine issue of material fact as to respondent's right to enforce the note, which would defeat appellant's motion for summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

As to appellant's second argument, that summary judgment in favor of respondent was not proper because there was no explicit assignment of the note, such an explicit assignment to respondent was not necessary in this case. If a note is made payable to "blank," then it becomes bearer paper and the person in physical possession of the note is

SUPREME COURT
OF
NEVADA

(O) 1947A

entitled to payment, *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. \_\_\_, \_\_\_, 286 P.3d 249, 261 (2012), or foreclosure if the person has also been assigned the deed of trust. In this case, respondent provided a copy of the note, which appellant had signed, and allonge and an affidavit that it was in possession of the original note and allonge. Respondent also provided a copy of the deed of trust that had been assigned to it and that appellant had signed. Appellant did not dispute that she signed the note and deed of trust and ceased making payments on her note. In these circumstances, we conclude that the district court did not err in granting respondents summary judgment. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Gibbons

_____, J.　　　　　_____, J.
Hardesty　　　　　　　　　　　　　Douglas

cc:　　Hon. Douglas Smith, District Judge
　　　　Annie Castillo Barrientos
　　　　The Castle Law Group, LLP
　　　　Ballard Spahr, LLP
　　　　Eighth District Court Clerk

---

[1]We have considered appellant's other arguments on appeal and conclude that they do not have merit.

In light of this order, we vacate our May 5, 2014, temporary stay.